WALKER v. SAFETY INDUSTRIAL LIFE INS. & SICK BEN. ASS'N, Inc.

No. 16283.

Court of Appeal of Louisiana. Orleans.
March 9, 1936.

A. P. Tureaud, of New Orleans, for appellant.

Johnston Armstrong, of New Orleans, for appellee.

McCALEB, Judge.

The plaintiff is the insured under an industrial life, accident, and health policy issued by the defendant. On February 13, 1934, she fell, breaking her left ankle, and, as a result thereof, was disabled for a period in excess of 20 weeks.

The defendant admitted liability and paid her the sum of $58.75, which represents the death benefit recoverable under the policy.

Thereafter plaintiff brought this suit, claiming disability for 20 weeks at $5 per week under the schedule of weekly benefits alleged to be recoverable for sickness or accident under the policy, subject to a credit of $58.75 previously paid by the defendant. The claim was for a balance due of $41.25, plus double indemnity, plus $25 attorney's fees, making a total demand of $107.50.

The defense is that, under the Schedule of Indemnities payable, liability for weekly disability cannot exceed the face value of the policy recoverable in event of death; that the defendant has paid plaintiff the sum of $58.75 (the full death benefit), and, accordingly, its indebtedness has been discharged.

The lower court, after hearing, gave judgment in plaintiff's favor for the amount sued for.

The facts of the case are not in dispute, and the determination here depends upon an interpretation of the policy contract.

The insurance granted is protection to the insured against death and against sickness or accident resulting in disability. The death benefit is for $58.75. The accident benefit is $5 weekly.

The schedule of indemnities contained in the policy provides:

"Dismemberment and Loss of Sight—
Single Indemnity

"If the insured sustains *a bodily injury through accidental means,* which directly, independently and exclusively of all other causes results in immediate and continuous total or partial disability, and if such injury independently and exclusively of all other causes shall within ninety days from the date of the accident result in the loss of:

"A—Both hands by complete severance at or above the wrist, or

"B—One hand and one foot by complete severance at these places, or

"C—Both feet by complete severance at or above the ankles, or

"D—Entire sight of both eyes, if irrecoverably lost, or

"E—Entire sight of one eye and complete severance of one hand as above defined, or

"F—Entire sight of one eye and complete severance of one foot as above defined, the company will pay in lieu of all other indemnity for loss or disability, three-quarters of the amount that would have been paid had such injury resulted in death, or if such injury shall not result in any of the

losses above specified, but shall within ninety days from date of such accident result in the loss of:

"G—Either hand by complete severance at or above the wrist, or

"H—Either foot by complete severance at or above the ankle, or

"I—Entire sight of one eye, if irrecoverably lost,

the company will pay in lieu of all other indemnity for loss or disability, one-half of the amount that would have been paid, had such injury resulted in death.

"The payment in any such case shall terminate this policy." (Italics ours.)

The schedule of indemnities further sets forth:

"Total and Partial Disability—Single Indemnity

"*Or, if such injuries,* independently and exclusively of all other causes, shall wholly and continuously disable the insured from the date of accident from performing any and every kind of duty pertaining to his occupation, for the period of such disability, *but not exceeding the amount of the said death benefit,* the Company will pay the weekly indemnity specified in the schedule on the first page hereof." (Italics ours.)

Plaintiff did not suffer dismemberment or loss of sight covered in the first above-quoted provision, and defendant contends that the plaintiff's case falls within the second above-quoted clause, which limits liability to the amount of the death benefit of the policy.

On the other hand, plaintiff persists that the words "or if such injuries," as used in the lastly quoted provision, mean the specific injuries described in the firstly quoted provision. We are unable to agree with this contention.

The words "or if such injuries" refer to "a bodily injury sustained through accidental means," for it is patent that recovery for disability resulting from accident is limited in all cases to the amount of the death benefit contained in the policy. For example, if the insured loses both hands in an accident, she receives a specific indemnity of three-fourths of the amount of the death benefit. But, if the insured does not suffer the loss of dismemberment, or eyesight as a result of accident, she receives, as in this case, the weekly indemnity of $5 per week during the period of disability, "but not exceeding the amount of the said death benefit."

 Plaintiff further asserts that she is entitled to benefits for 20 weeks' incapacity because in the "General Conditions" of the policy it is stated: "The number of weekly benefits payable under this Policy, or any policy covering the same person issued by this Company, in any twelve consecutive months, is limited to twenty."

We fail to discern how the above-quoted condition helps her cause. The clause merely limits the liability of the insurer to 20 weeks, irrespective of the number of accidents or sicknesses suffered by the insured. The condition cannot have the effect of broadening the schedule of indemnities covered by the insurer because liability under the schedule is limited in all cases to the death benefit.

The plaintiff admits that she has been paid the amount of the death benefit of the policy. This is all to which she was entitled under the schedule of indemnities. It follows that the court erred in allowing her to recover additional benefits not covered by the contract.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is, annulled, avoided, and reversed, and that plaintiff's suit be dismissed at her cost.

Reversed.